UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH AROLINA
WESTERN DIVISION
No. 5:20-CR-218-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | ORDER |
| ) | |
| BRENDA JOYCE HALL ) | |

This matter is before the court on the government's motion to continue the arraignment and trial. (DE # 46.) Defendant filed a response to the motion, (DE # 47), and a motion to seal the exhibit filed in support of her response, (DE # 49). The government filed a reply. (DE # 51.) Defendant then filed a motion to terminate pretrial deadlines. (DE # 52.)

Arraignment and trial are currently set for 12 April 2021. The government requests continuance of arraignment and trial for at least one month on the following grounds:

> (1) the anticipated length of trial and number of interstate witnesses required to travel and be lodged in the midst of the pandemic; (2) the need for additional time to prepare and disclose the Government's expert reports relating to the defendant's mental health claims; (3) the impact of rulings concerning pretrial motions relating to the defendant's proposed mental health testimony; and (4) the need for additional time to permit the defense an adequate opportunity to examine discovery.

(Mot., DE # 46, at 1.) Defendant agrees that she needs additional time to review discovery and states, "One month isn't nearly enough additional time to review and analyze the belatedly produced discovery." (Resp., DE # 47, at 2.) However, she does not agree continuance is an adequate remedy for the government's discovery "violation" and therefore does not join in the government's motion. (Id. at 3.) Further, she specifically objects to continuance based on the government's other stated grounds. (Id. at 3 n.1.)

Without wading into the parties' positions on the reasons for, and implications of, the

government's recent, voluminous discovery production,[1] a continuance is obviously warranted to enable defendant to have adequate time to review that discovery and prepare for trial. Also, the court agrees with the government that additional time is needed to ensure the numerous out-of-state witnesses can safely travel and attend trial in light of the COVID-19 pandemic. To this end, the court believes a three-month continuance is necessary, particularly with the President's recent announcement that the country will have sufficient vaccine supply for all adults by the end of May and that he will direct all states, tribes, and territories to make all adults eligible to be vaccinated by May 1. See Remarks by President Biden on the Anniversary of the COVID-19 Shutdown (Mar. 11, 2021), https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/03/11/remarks-by-president-biden-on-the-anniversary-of-the-covid-19-shutdown/.

For these reasons, the court finds that the ends of justice served by continuance of arraignment and trial outweigh the best interest of the public and defendant in a speedy trial. Accordingly, the government's motion is ALLOWED. Arraignment and trial are CONTINUED to 12 July 2021. Any delay due to this continuance shall be excluded in computing defendant's speedy trial time. See 18 U.S.C. § 3161(h)(7)(A).

Defendant moves to seal the letter from the government to defense counsel documenting the recent discovery production. Because the court did not consider this letter in resolving the motion to continue, the motion to seal is DENIED. Cf. In re Application of U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013) (recognizing "[f]or a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record'" and "hold[ing] that documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights" (citations omitted)).

Finally, defendant requests that the court terminate the pretrial deadlines pending the ruling

---

[1] Defendant has reserved the right to move later for appropriate relief. (Resp., DE # 47, at 4, 5.)

on the government's motion to continue. The motion indicates that the government does not object. (DE # 52, at 3.) For good cause shown, the motion is ALLOWED. Within 10 days, the parties shall confer and file a notice of proposed pretrial deadlines. The court informs the parties that it needs, *at a minimum*, two weeks from the date any motions challenging the admissibility of evidence at trial become ripe to rule on any such motion.

    This 15 March 2021.

_____
W. Earl Britt
Senior U.S. District Judge